## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## IN ADMIRALTY

### Case No. 23-cv-23646-BLOOM/Torres

IN RE:

PETITION OF MIGUEL DOMINGUEZ as
titled owner of and for a 1997 32' Scorpion Power,
hull identification number SOP32035F796,
her engines, tackle, and appurtenances,
for EXONERATION FROM OR
LIMITATION OF LIABILITY,
Petitioner.

_____/

### ORDER GRANTING MOTION TO AMEND PETITION

**THIS CAUSE** is before the Court upon Petitioner Miguel Dominguez's ("Petitioner")

Motion to Amend Petition for Exoneration from or Limitation of Liability, ECF No. [20]

("Motion"). Petitioner seeks to file an amended petition in this action in order to add his son,

Angel Dominguez, as owner *pro hac vice* of the subject vessel, a 1997 32' Scorpion Power

Vessel, bearing Hull Identification No. SOP32035F796 (the "Vessel").

Federal Rule of Civil Procedure 15 provides leave to amend "shall be freely given when

justice so requires." Fed. R. Civ. P. 15(a). Under Rule 15, "[u]nless there is a substantial reason

to deny leave to amend, the discretion of the district court is not broad enough to permit denial."

*Thomas v. Town of Davie*, 847 F. 2d 771, 773 (11th Cir. 1988) (quoting *Dussouy v. Gulf Coast

Investment Corp.*, 660 F. 2d 594, 597 (5th Cir. 1981)); *see also Spanish Broadcasting System of

Fla. v. Clear Channel Communications, Inc.*, 376 F. 3d 1065, 1077 (11th Cir. 2004) ("The

Supreme Court has emphasized that leave to amend must be granted absent a specific, significant

reason for denial.").

Petitioner contends amending the Petition is warranted because he was unable to

determine whether Angel Dominguez qualified as an owner *pro hac vice* of the Vessel until January 23, 2024. The Motion represents Petitioner previously "had been unable to speak with Angel due to his medical treatment following the incident in question." ECF No. [20] at 2. The Court observes this conversation occurred—and the instant Motion was filed—over four months after the Petition was filed in this case. *See* ECF No. [1]. However, the Court finds this delay is not so substantial as to justify denial of the Motion under Rule 15. As noted, Petitioner represents this delay was due to Angel Dominguez's medical treatment. Moreover, any prejudice to claimants or interested parties is minimal. No claims have been filed in this case to date, and the Court will direct the re-issuance of a monition and injunction upon the filing of an amended petition and amend the applicable notice and response deadlines.

Furthermore, granting leave to amend is appropriate in light of the Court's conclusion that Angel Dominguez qualifies as an owner *pro hac vice* under the Limitation of Liability Act, 46 U.S.C. § 30529 *et seq.* § 30501 of the Limitation of Liability Act defines "owner" as a "charterer that mans, supplies, and navigates a vessel at the charterer's own expense or by the charterer's own procurement. *Id.* at § 30501(2). As Petitioner correctly observes, federal courts "have expanded the definition of 'owner' or 'charterer' to encompass parties in similar situations 'who exercise dominion and control over a vessel and are therefore owners pro hac vice even if not technically charterers.'" ECF No. [20] at 4 (quoting *In re Magnolia Fleet*, No. CV 16-12297, 2017 WL 4770898, at *2 (E.D. La. Oct. 19, 2017)). "In other words, an operator with significant management and operational control over a vessel may seek exoneration from or limitation of liability when it acts as a manager of the vessel or acquires work for and dispatches the vessel." *Archer Daniels Midland, Co. v. M/T AMERICAN LIBERTY*, No. CV 19-10525, 2021 WL 1951230, at *4 (E.D. La. May 14, 2021) (citing *In re American Milling Co., Ltd.*, 409 F.3d 1005, 1014 (8th Cir. 2005)).

To determine whether an operator constitutes an *owner pro hac vice*, courts consider "a myriad of factors," including:

> who mans, crews, and navigates the vessel; who is responsible for maintenance and repairs; who is responsible for training, selecting, and paying the crew; whether the borrowing party provided insurance; who is in possession and control of the vessel; the borrowing party's autonomy from the actual owner; who has the ultimate authority over decision making; and who makes daily navigational decisions.

*In re Magnolia Fleet*, 2017 WL 4770898, at *3 (citing *In re Am. Milling Co., Ltd.*, 409 F.3d at 1014; *In re M/V Seaboard Spirit*, No. 11-23841, 2014 WL 3673323, at *2 (S.D. Fla. July 23, 2014)). Here, Petitioner represents Angel Dominguez "is the primary user of the Vessel and had dominion and control by virtue of the fact that he was authorized user of the vessel on the day of the Incident." ECF No. [20] at 5. The Motion provides that Angel Dominguez and Petitioner were solely responsible for supplying the crew, fuel, and supplies, and that Angel Dominguez was also responsible for "making navigation decisions related to the Vessel at or about the time of the Incident." *Id.* Furthermore, the Motion observes that Angel Dominguez is covered under Petitioner's insurance policy, and that Angel Dominguez bears financial responsibility for "any damages or liabilities that may arise related to the vessel." *Id.*

The Court finds that Angel Dominguez qualifies as an owner *pro hac vice*. As detailed above, the Motion provides that Angel Dominguez exercised dominion and control over the Vessel along with Petitioner and bore responsibility for navigational decisions at all material times. Furthermore, Angel Dominguez is responsible for any damages or liabilities arising from the subject incident. Although the degree of Angel Dominguez's autonomy from Petitioner is presently unclear, any claimants may challenge Angel Dominguez's designation as owner *pro hac vice* when responding to the Amended Petition. The Court concludes that Angel Dominguez exercises sufficient management and operational control over the Vessel to be considered an

owner *pro hac vice* under the Limitation of Liability Act.

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Motion, **ECF No. [20]**, is **GRANTED**. Petitioner must separately re-file his Amended Petition pursuant to Local Rule 15.1 **on or before March 19, 2024**. The Court will then direct the issuance of an amended monition and injunction and amend the related notice and response deadlines accordingly.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 12, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record